IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **VINCE PARKER AND RICKY PAIGE** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:06-CV-278 |
| | § | |
| **HENDERSON INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |

## ORDER

Before the Court is Plaintiff-Intervenors Vince Parker and Ricky Paige's Motion for Remand (Doc. #11), Defendant's Response (Doc. #12), and Plaintiff-Intervenors' Reply (Doc. #13). Having considered the motion and the applicable law, and for the reasons stated below, the Court finds that the motion is well taken should be **GRANTED**.

## PROCEDURAL HISTORY

This case was originally filed in Travis County, Texas, on August 5, 2000, by Plaintiff Michael Armstrong, a Caucasian, alleging retaliation for his opposition to racial discrimination under Title VII of the Civil Rights Act of 1964 and Texas law, and retaliation under the Texas Whistleblower Act, Tex. Gov't. Code § 554.01 *et seq.*

On June 30, 2000, Plaintiff-Intervenor Vince Parker filed his original petition in intervention alleging racial discrimination due to disparate pay and working conditions, hostile work environment, retaliation under Title VII and Texas law, and retaliation under the Texas Whistleblower Act. Parker also stated in the "Allegations of Fact" portion of his petition

> H. During and prior to March 1999, Parker also engaged in protected union activities seeking to correct the discrimination against African American

employees.

I. In retaliation for the complaint by Parker, and/or due to his race, Parker was harassed, subjected to reprimands and threats of termination, and denied opportunities for promotion and increased pay by Defendants and employees of Defendant HISD.

On July 14, 2000, Plaintiff-Intervenor Ricky Paige, another African-American, filed his original petition in intervention containing the same basic allegations, with the exception of claims of retaliation under Title VII and Texas law. His petition contained the same exact paragraphs about protected union activities in its "Allegations of Fact" section as Parker's petition.

Although Plaintiff-Intervenors filed two amended petitions, they were stricken as untimely filed. On January 10, 2006, the Court granted Defendant's motion to sever Parker and Paige's causes of action from Plaintiff Armstrong causes of action. Armstrong's case proceeded to trial, ended in a hung jury, and settled. On April 4, 2006, Parker and Paige filed a motion for leave to file their joint Third Amended Petition, which the court granted on May 26, 2006. The Third Amended Petition still contained the statements about protected union activities contained in the "Allegations of Fact" sections of Parker and Paige's original petitions. However, the statements were more specific. They were as follows:

I. During, prior to, and after March 1999, Parker and Paige solicited the aid of their union, the Texas State Teachers Association ("TSTA"), to take their complaints and grievances regarding disparity of pay, working conditions and derogatory racial comments and slurs to the administration

    at HISD.

J. During and prior to March 1999, Parker and Paige also engaged in protected union activities seeking to correct the disparate treatment, discrimination, practices causing discriminatory impact, and a hostile work environment against African American employees.

K. Due to their race, and/or in retaliation for the complaints by Parker and/or Paige directly and through the TSTA, and/or their union activities, Parker and Paige were harassed, subjected to reprimands and threats of termination, and denied opportunities for promotion and increased pay, and subjected to racial slurs and derogatory jokes and comments, by Defendant HISD, its administrators, supervisors, and/or employees in the presence of or within the knowledge of supervisors.

The Third Amended Petition also added a separate section to the petition titled "Retaliation for Engaging in Protected Union Activities." This section reiterates the allegations stated in the "Allegations of Fact" section of the petition.

 Defendant argues that this separate section sets out retaliation for participation in union activities as a claim for relief for the first time. Therefore, this separate section is the first notice Defendant had of a federal cause of action, in spite of the fact that retaliation for participation in union activities appeared in the "Allegations of Fact" sections of both petitions. Defendant also contends that even if the factual assertions regarding union activities in the "Allegations of Fact" section of the original petition can be construed as a claim for relief, they did not appear in a pleading that "clearly and distinctly" stated such a cause of action arose under the Constitution,

the laws, or a treaty of the United States.

Defendant filed a Notice of Removal on June 23, 2006, within 30 days after the Court granted Plaintiff-Intervenors' motion for leave to file their joint Third Amended Petition, and within 30 days after Defendants allege they first received notice of the federal cause of action.

Plaintiff-Intervenors Parker and Paige claim the removal was untimely because the first notice of a federal cause of action was within "Allegations of Fact" section of the original petition.[1] Plaintiff-Intervenors also claim that even if removal was timely, Defendant waived its right to removal by actively defending and seeking adjudication on the merits of the case in state court.

## **ANALYSIS**

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). To determine whether a case "arises under" federal law, a court must look at the face of a plaintiff's complaint. Under the "well-pleaded complaint" rule, a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983); *Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). It is the plaintiff's well-pleaded complaint, and not the defendant's removal petition, that must establish issues of federal law. *Howrey*, 243 F.3d at 916

---

[1]Plaintiff-Intervenors also state that even if the first notice of a federal cause of action was within the Third Amended Petition, the 30 day time period for removal began to run on April 4, 2006, when Plaintiff-Intervenors filed their motion for leave to file the Third Amended Petition. Therefore, Defendant's notice of removal on June 23, 2006, was still untimely. This is incorrect. Until the court granted their motion for leave to file an amended complaint on May 26, 2006, there was no basis for removal. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998).

n. 12 (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988)).

However, even when a complaint is not characterized as a federal claim, a federal court may still find that a plaintiff's claim arises under federal law, conferring jurisdiction upon the federal court. *Drawhorn v. Qwest Comm. Int'l, Inc.*, 121 F.Supp.2d 554, 559 (E.D.Tex. 2000). Federal courts may exercise jurisdiction over cases involving substantial, disputed questions of federal law, federal claim preclusion cases, and those involving complete preemption. *Id.* at 560 n. 5. Complete preemption has been found under the LMRA, ERISA, and Indian land grant rights. *Id.* (citing 13 CHARLES A. WRIGHT & ARTHUR E. MILLER, Federal Practice and Procedure § 3522 (2d ed. 1984 and 1999 supp.)). This case was removed under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, *et seq.* Neither side disputes that the claim of retaliation for participation in union activities falls under the LMRA. There is only dispute over when Defendant had notice of the claim.

Under 28 U.S.C. § 1446(b), an amended pleading creates a right of removal "[i]f the case stated by the initial pleading is not removable." The allegations in the original petition and in the Third Amended Petition regarding retaliation for participation in union activities are substantially the same. Neither the original petition nor the Third Amended Petition cite any specific law, let alone any specific federal law, that Defendant violated by retaliating against Plaintiff-Intervenors for participation in union activities. If the Defendant could ascertain from the Third Amended Petition that the claim arose under the LMRA, the Court sees no reason why the Defendant could not determine the same from the original petition. The Sixth Circuit found that a plaintiff alleged a federal claim arising under the LMRA by simply amending his complaint to add that the defendants' conduct was "to gain advantage in an employment suit," "in an attempt to discharge

5

[him] since he fully and actively exercised his rights as a union member," and so that they could "undermine the current peace between labor and management throughout the United States." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515-16 (6th Cir. 2003).

The fact that the Third Amended Petition set the allegation out in its own section as a cause of action in addition to the "Allegations of Fact" section present in the original petitions is of no matter. *See, e.g., Argenbright v. Zix Corp.*, No. Civ. 3:04-CV-1061-H, 2004 WL 1732482, *1 (N.D.Tex. Aug. 3, 2004)(holding that plaintiff's allegation in the Statement of Facts section of his complaint was enough to state a removable federal claim under ERISA). Therefore, the Court finds that the Plaintiff-Intervenors original petitions were removable.

However, even a case that was originally removable may still be removed on an amended complaint under a "revival exception" to Section 1446(b) where the amended complaint "so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962, 965 (7th Cir. 1982)(citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)); *see also Johnson v. Heublein, Inc.*, 227 F.3d 236, 241-242 (5th Cir. 2000). Yet district courts have found that "an amendment does not revive a right to remove as long as the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action." *Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374 (S.D.Tex. 2006)(internal citations omitted). Courts have held that the "revival exception" did not apply in cases with petitions that have changed more substantially than this one. *See, e.g., La. Farm Bureau Cas. Ins. Co. V. Michelin Tire Corp.*, 207 F.Supp.2d 524, 526 (M.D.La. 2002)(insurer's addition of insured as a party plaintiff in a subrogation action did not revive tire manufacturer's right to remove to federal court)*; Baych v.*

*Douglass*, 227 F.Supp.2d 620, 623 (E.D.Tex 2002)(addition of three new defendants and new claims for fraud, civil conspiracy and the Uniform Transfers Act did not revive the right for removal because the core of the lawsuit still arose from an alleged breach of plaintiff's employment contract), *Pearson v. Gerber Products Co.*, 788 F.Supp. 410, 412-13 (W.D.Ark. 1992)(addition of a second claim preempted by ERISA does not change the character of the litigation to make it a substantially new suit). In this case, the essential character of the action remains unchanged. Plaintiff-Intervenors alleged racial discrimination and retaliation for participation in union activities in their original complaint. This remains the core of their complaint today.

The Court now turns to Defendant's contention that even if the allegations in the "Allegations of Fact" section of the original petition did state a claim, they did not appear in a pleading that "clearly and distinctly" stated that such a cause of action arose under the Constitution, the laws, or a treaty of the United States. As stated earlier, while neither the original petition nor the Third Amended Petition cite any federal law that Defendants violated by retaliating against Plaintiff-Intervenors for their participation in union activities, a federal court may still find a claim that is not characterized as a federal claim arises under federal law. *Drawhorn,* 121 F.Supp.2d at 559. Plaintiff does not state, and the Court does not find, a reason why the allegations in the original petition are less "clear and distinct" than the allegations in the Third Amended Petition. Although the allegations in the Third Amended Petition are more descriptive, they are no more telling as to the claim arising under federal law than the allegations in the original petition.

Because the Court finds that the original petition was removable, that the Third Amended

Petition does not revive the right to removal, and that the original petition was clear and distinct, the Court need not address the issue of whether Defendants waived removal by actively defending and seeking adjudication of the case in state court.

## CONCLUSION

In summary, because the court has determined that Defendant's notice of removal was untimely, the Court concludes that it is without jurisdiction to hear this case. Plaintiff-Intervenors Vince Parker and Ricky Paige's Motion for Remand (Doc. #11) is therefore **GRANTED**.

It is **ORDERED** that this case be remanded to the 126th Judicial District Court of Travis County, Texas. It is further **ORDERED** that the Clerk shall transfer the entire file to the County Clerk of Travis County, Texas.

So **ORDERED**.

**SIGNED this 30th day of March, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE